**Keith Ketterling,** OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:	(503) 227-1600
Facsimile:	(503) 227-6840
Email:	kketterling@stollberne.com
	sberman@stollberne.com
	mhoulihan@stollberne.com

*Special Assistant Attorneys General
for the State of Oregon, Ellen Rosenblum,
and Andrew Stolfi*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OREGON BANKERS ASSOCIATION, LEWIS & CLARK BANK, BANK OF EASTERN OREGON, AND PEOPLE'S BANK OF COMMERCE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OREGON, ELLEN ROSENBLUM, in her official capacity as the Attorney General of the State of Oregon, and ANDREW STOLFI, in his official capacity as the Director of the Oregon Department of Consumer and Business Services,<br><br>Defendants. | Case No. 6:20-cv-01375-AA<br><br>DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS<br><br>**ORAL ARGUMENT REQUESTED** |

Page i - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

# TABLE OF CONTENTS

Introduction ................................................................................................................. 1

Argument .................................................................................................................... 3

    I.      Plaintiffs Concede That They Improperly Sued the State in Federal Court. .......... 3

    II.     Plaintiffs Cannot Bring a Takings Claim Against the Attorney General and Director in Federal Court. ................................................................................. 3

    III.    Plaintiffs' Notice Claims Are Moot. ..................................................................... 6

    IV.    The Court Should Address Each Plaintiff's Standing. .......................................... 8

    V.     The OBA Does Not Have Standing. .................................................................... 10

          A.     Plaintiffs Fail to Allege Facts Showing that the Interests OBA Seeks to Protect in This Litigation Are Germane to Its Purpose. ............. 10

          B.     The Claims Asserted and the Relief Requested Require OBA's Individual Members to Participate in the Litigation. .............................. 12

Conclusion ................................................................................................................ 14

Page ii - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Cargo Transp., Inc. v. United States*,
   625 F.3d 1176 (9th Cir. 2010) .................................................................................................. 6

*Associated General Contractors of North Dakota v. Otter Tail Power Co.*,
   611 F.2d 684 (8th Cir. 1979) .................................................................................................. 11

*Association of Christian Schools International v. Stearns*,
   678 F. Supp. 2d 980 (C.D. Cal. 2008) .................................................................................... 13

*Association of Equipment Manufacturers v. Burgum*,
   932 F.3d 727 (8th Cir. 2019) .................................................................................................. 12

*Avila v. Bank of Am.*,
   2017 WL 4168534 (N.D. Cal. Sept. 20, 2017) ......................................................................... 8

*Barnett Bank of Marion Cnty., N.A. v. Nelson*,
   517 U.S. 25 (1996) .................................................................................................................. 12

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*,
   941 F.3d 1195 (9th Cir. 2019) .................................................................................................. 6

*Black Faculty Ass'n of Mesa Coll. v. San Diego Cmty. Coll. Dist.*,
   664 F.2d 1153 (9th Cir. 1981) .................................................................................................. 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ............................................................................................. 7, 11

*Cty. of Butler v. Wolf*,
   2020 WL 2769105 (W.D. Pa. May 28, 2020) ........................................................................... 5

*Gen. Motors Corp. v. Romein*,
   503 U.S. 181 (1992) ................................................................................................................ 12

*Green v. Mansour*,
   474 U.S. 64 (1985) .................................................................................................................... 4

*Hunt v. Wash. State Apple Adver. Comm'n*,
   432 U.S. 333 (1977) ................................................................................................................ 10

*Knick v. Twp. of Scott, Pennsylvania*,
   U.S., 139 S. Ct. 2162 (2019) ................................................................................................ 4, 5

*Ladd v. Marchbanks*,
   971 F.3d 574 (6th Cir. 2020) .................................................................................................... 4

*Lazar v. Kroncke*,
   862 F.3d 1186 (9th Cir. 2017) ................................................................................................ 12

Page iii - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*Lorillard v. Pons*,
  434 U.S. 575 (1978) .................................................................................................. 5

*Mashiri v. Dep't of Educ.*,
  724 F.3d 1028 (9th Cir. 2013) .................................................................................. 2

*McShannock v. JP Morgan Chase Bank NA*,
  2020 WL 5639700 (9th Cir. Sept. 22, 2020) .......................................................... 12

*MetroPCS California, LLC v. Picker*,
  970 F.3d 1106 (9th Cir. 2020) .................................................................................. 7

*Mont. Shooting Sports Ass'n v. Holder*,
  727 F.3d 975 (9th Cir. 2013) .................................................................................... 9

*Planned Parenthood of Idaho, Inc. v. Wasden*,
  376 F.3d 908 (9th Cir. 2004) ............................................................................ 2, 8, 9

*Rent Stabilization Ass'n of City of N.Y. v. Dinkins*,
  5 F.3d 591 (2d Cir. 1993) ........................................................................................ 13

*Seven Up Pete Venture v. Schweitzer*,
  523 F.3d 948 (9th Cir. 2008) ................................................................................ 3, 4

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
  770 F.3d 1282 (9th Cir. 2014) ................................................................................ 13

*United States v. Security Industrial Bank*,
  459 U.S. 70 (1982) ................................................................................................ 5, 6

*We Are Am./Somos Am., Coal. of Arizona v. Maricopa Cty. Bd. of Supervisors*,
  809 F. Supp. 2d 1084 (D. Ariz. 2011) .................................................................. 8, 9

**Other Authorities**

Oregon House Bill 4204 (2020) ........................................................................... passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................... 2

**Constitutional Provisions**

U.S. Const., Amend. V .................................................................................................. 3

U.S. Const., Amend. XI ........................................................................................ 3, 4, 6

Page iv - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## Introduction

In their response, Plaintiffs concede that their Complaint is littered with jurisdictional defects. Plaintiffs acknowledge that the State of Oregon ("State") is not a proper defendant and must be dismissed. Plaintiffs effectively acknowledge that the claims against the notice provision in House Bill 4204 are moot because their deadline to comply with the notice provision has passed, and no plaintiff has alleged harm regarding that provision. Plaintiffs admit that they have failed to allege facts sufficient to establish standing on a variety of their claims for many of the individual plaintiffs. Yet Plaintiffs refuse to amend their Complaint to address these, and other, jurisdictional flaws. Rather, Plaintiffs demand that the Court address and resolve claims that are not properly before the Court. Their arguments should be rejected.

The Oregon legislature passed House Bill 4204 to protect the public peace, health, and safety in the midst of a global pandemic caused by the novel infectious coronavirus ("COVID-19"). Among other things, HB 4204 institutes a temporary moratorium on mortgage foreclosures and penalties on certain borrowers for late payments. HB 4204 also required lenders to provide notice to borrowers of their rights under the statute by August 30, 2020. Plaintiffs sued to prevent enforcement of two provisions of HB 4204: (1) HB 4204's temporary prohibition on lenders charging fees and penalties for borrowers' late payment or non-payment under certain circumstances; and (2) HB 4204's notice requirement. Plaintiffs further ask the Court to declare that HB 4204 has no "retroactive" effect or, alternatively, to declare that HB 4204 results in unconstitutional takings and deprivation of due process. They name as defendants the State; Ellen Rosenblum, the State Attorney General, ("Attorney General"); and Andrew Stolfi, Director of the Oregon Department of Consumer and Business Services, ("Director").

Page 1 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the State and some of Plaintiffs' claims. In their response, Plaintiffs acknowledge that the State is not a proper defendant and should be dismissed. Yet Plaintiffs insist that the Court disregard the Complaint's other significant jurisdictional defects, asking the Court to ignore well-settled law that subject matter jurisdiction be addressed at the outset of the case and at every subsequent stage of litigation. *See Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists.").

Plaintiffs then argue that the Court should disregard each individual plaintiff's standing to pursue claims because at least one of the claims alleged could be viable as to at least one of the plaintiffs. But a plaintiff whose claim is not properly before the Court should not remain in the case. Addressing each party's standing will narrow the scope of the case and determine who ultimately may be able to enforce a judgment. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 918 n.6 (9th Cir. 2004) ("Only a proper party to an action can enforce an injunction that results from a final judgment.").

The Court lacks jurisdiction over aspects of Plaintiffs' claims for five reasons. First, the State has sovereign immunity from all Plaintiffs' claims under the Eleventh Amendment of the United States Constitution. Second, the Attorney General and Director have sovereign immunity from Plaintiffs' third claim for relief to the extent Plaintiffs bring it under the Takings Clause. Third, Plaintiffs' claims based on the notice requirement are moot. Fourth, Plaintiff Oregon Bankers Association ("OBA") lacks standing. And finally, Plaintiffs Lewis & Clark Bank and

Page 2 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

People's Bank of Commerce lack standing to bring the third claim for relief concerning whether HB 4204 applies retroactively.

In response to the motion to dismiss, Plaintiffs admit multiple instances in which they must amend their Complaint. At a bare minimum, they must amend to remove the State as a defendant, and they must amend to add allegations about their lack of compliance with HB 4204's notice requirement. With Plaintiffs conceding that they need to file an amended complaint, the Court should require Plaintiffs to fix all—not just a choice few—of the jurisdictional defects.

## Argument

### I. Plaintiffs Concede That They Improperly Sued the State in Federal Court.

In their response to Defendants' motion to dismiss, Plaintiffs agree that the Eleventh Amendment requires them to dismiss the State from this lawsuit. (Plaintiffs' Response, ECF 14 [hereinafter "Response"] at 7 n.1, 8, 28). Accordingly, the Court should dismiss the State as a defendant, and Plaintiffs should amend their Complaint accordingly.

### II. Plaintiffs Cannot Bring a Takings Claim Against the Attorney General and Director in Federal Court.

The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." U.S. Const., Amend. V. There are limits to how a plaintiff can enforce this clause. The Eleventh Amendment bars claims under the Takings Clause against state officials, in their official capacity, in federal court where the plaintiffs seek monetary relief. *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008) ("We therefore conclude that the Eleventh Amendment bars reverse condemnation actions brought in federal court against state officials in their official capacities."). Plaintiffs also may not bring

Page 3 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

takings claims against state officials in federal court for non-monetary claims seeking injunctive and declaratory relief, as the Ninth Circuit held in *Seven Up*.

In *Seven Up*, the court explained that even if plaintiff only sued for "injunctive relief against state officers to force them to adhere to the Constitution," the Eleventh Amendment barred a claim under the Takings Clause in federal court. *Id.* at 956. The court reasoned that equitable claims under the Takings Clause are the functional equivalent of damages claims because the essence of all takings claims is that the plaintiffs did not receive just compensation for a governmental action. *Id.* Thus, as other courts have recognized, any decision concluding that a taking has occurred can be used to require a state to pay plaintiffs for the alleged taking of their property—a type of claim that "isn't a proper workaround to the States' sovereign immunity." *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020); *see Green v. Mansour*, 474 U.S. 64, 73 (1985) (holding that when "the issuance of a declaratory judgment . . . would have much the same effect as a full-fledged award of damages or restitution by the federal court," the Eleventh Amendment prohibits the declaratory judgment actions).

Moreover, when addressing whether a plaintiff could sue a municipality under the Takings Clause, the Supreme Court expressly held that equitable relief is unavailable in federal court for takings claims. *Knick v. Twp. of Scott, Pennsylvania*, —U.S.—, 139 S. Ct. 2162, 2176 (2019) ("Today, because the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally unavailable. As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking."). Relying on *Knick*, a district court in Pennsylvania refused to entertain a request for a declaration that a COVID-19 measure violated the Takings Clause. *Cty. of Butler v. Wolf*, 2020 WL 2769105, at *4 (W.D. Pa. May 28,

Page 4 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

2020) ("Here, the declaratory relief sought by Plaintiffs—that the Governor's business shutdown orders effectuated an unconstitutional taking—would be the functional equivalent of injunctive relief. The Supreme Court's decision in *Knick* forecloses such relief."). This Court likewise should decline to consider any Takings Clause claim by Plaintiffs.

Plaintiffs respond that their third claim for relief does not arise under the Takings Clause; instead, they argue, the claim asks the Court to declare only that HB 4204 cannot be read to apply retroactively. (Response at 7, 12–13). However, Plaintiffs ignore their alternative request that the Court invalidate HB 4204 for violating the Takings Clause. In their third claim for relief, titled "RETROACTIVITY, DUE PROCESS AND TAKINGS," Plaintiffs allege, "If read to apply retroactively . . . , HB 4204 would take vested property rights without just compensation in violation of the Fifth Amendment[.]" (ECF 1 ¶ 60). If the Court adopts this reading of HB 4204, Plaintiffs request that the Court declare that HB 4204 violates the Takings Clause and enjoin any retroactive enforcement of the statute. (*Id.* ¶ 63). In their alternative claim, Plaintiffs demand that the Court exceed the jurisdictional constraints of the Eleventh Amendment and determine that a taking has occurred. The law prohibits such relief.

Plaintiffs further argue that the case *United States v. Security Industrial Bank*, 459 U.S. 70 (1982), allows their Takings Clause claim in federal court. *Security Industrial Bank* does no such thing. In *Security Industrial Bank*, the Supreme Court endorsed the canon of statutory construction that courts must "first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided" in the context of a bankruptcy statute. *Id.* at 78. (quoting *Lorillard v. Pons*, 434 U.S. 575, 577 (1978)). The Supreme Court concluded that it could read the disputed statute in a manner that would not "in turn call upon the Court to resolve difficult and sensitive questions arising out of the guarantees of the takings

Page 5 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

clause." *Id.* at 82 (internal quotation marks omitted). It adopted this reading without saying anything about the propriety of an alternative takings claim.

On top of this, Eleventh Amendment immunity would not have applied in *Security Industrial Bank*. The dispute arose during the debtors' bankruptcy proceedings, where no state's sovereign immunity was at issue. *See id.* at 73 (explaining that consolidated cases originated in bankruptcy courts and that the United States intervened in each case to defend the constitutionality of the statute in question). *Security Industrial Bank* thus is consistent with Defendants' argument that, although Plaintiffs may seek a determination of whether HB 4204 applies retroactively, the Eleventh Amendment prevents Plaintiffs from asserting a takings claim against the Attorney General and Director in federal court.

### III.   Plaintiffs' Notice Claims Are Moot.

Plaintiffs allege that the notice requirement in HB 4204 § 1(9) violates the Supremacy Clause and the Contracts Clause of the United States Constitution. The notice provision required lenders to provide notice to borrowers of their rights under the statute by August 30, 2020. HB 4204 § 1(9). The deadline has passed, and the notice requirement has effectively expired.

Courts "treat the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . than similar action by private parties.'" *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (omission in original) (quoting *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). "For this reason, the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal." *Id.* This general rule applies here, establishing that the expiration of HB 4204's notice requirement moots claims concerning whether the requirement violates the Constitution.

Page 6 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs respond that the claims are not moot because the Attorney General and Director could take enforcement action against any lender that failed to provide (or insufficiently provided) the required notice. Critically, however, Plaintiffs have not alleged that they failed to comply with the notice requirement or are in danger of any enforcement action, either individually or on a representative basis. Plaintiffs omit these allegations despite acknowledging that they bear the burden of establishing standing. (Response at 12). Even liberally construed, Plaintiffs' complaint does not show that Plaintiffs will "likely experience prosecution and civil penalties for their past violations of the law." *MetroPCS California, LLC v. Picker,* 970 F.3d 1106, 1116 (9th Cir. 2020) (internal quotation marks omitted); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954–55 & n.9 (9th Cir. 2011) (en banc) (holding that a plaintiff who did not allege which barriers existed at a store and how they impacted his disability could not establish an injury-in-fact sufficient for standing simply by claiming that the store deprived him of "full and fair enjoyment" in violation of the Americans with Disabilities Act).

Plaintiffs' failure to allege that they face ongoing civil or criminal ramifications for past violations of the notice requirement distinguish their case from *MetroPCS*. There, in response to the Ninth Circuit's *sua sponte* inquiry into whether expiration of challenged legislation mooted the case, the plaintiff admitted that it had not complied with resolutions implementing the statute in question. *Id.* at 1116. The defendant also had "announced its intent to enforce the resolutions" and to hold the plaintiff liable if the court upheld the resolutions. *Id.* at 1116–17. Plaintiffs make no such allegations in their complaint and thus do not fall within any exception to the general rule that the expiration of challenged legislation renders a case moot.

In their response, Plaintiffs also assert that some unidentified banks did not send the required notices to their borrowers and that those banks fear enforcement. (Response at 16 n.6).

Page 7 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

But these allegations are absent from the complaint, and Plaintiffs "cannot rewrite [their] complaint now in [their] opposition to the motion to dismiss." *Avila v. Bank of Am.*, 2017 WL 4168534, at *4 (N.D. Cal. Sept. 20, 2017). Moreover, even in their response, Plaintiffs do not assert that any of the unidentified banks are OBA members or one of the named plaintiffs in this action. Because Plaintiffs fail to allege that they face any enforcement threat for noncompliance with the notice requirement, the Court should dismiss their notice claims as moot.

## IV. The Court Should Address Each Plaintiff's Standing.

Plaintiffs argue that the Court should not address each Plaintiffs' standing. It is enough, they say, that Defendants do not currently challenge the Bank of Eastern Oregon's standing to assert each of Plaintiffs' claims. (Response at 17–18). This argument relies on a rule from the appellate context, where an appellate court may proceed to address the merits of the claims if at least one plaintiff has standing. *See, e.g.*, *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 918 (9th Cir. 2004) ("Where the legal issues *on appeal* are fairly raised by 'one plaintiff [who] had standing to bring the suit, the court need not consider the standing of the other plaintiffs.'" (emphasis added)).

Plaintiffs' reliance on an appellate doctrine is misplaced here. That appellate rule "does not strictly prohibit a *district court*, in a multiple plaintiff case such as this, from considering the standing of the other plaintiffs even if it finds that one plaintiff has standing." *We Are Am./Somos Am., Coal. of Arizona v. Maricopa Cty. Bd. of Supervisors*, 809 F. Supp. 2d 1084, 1091 (D. Ariz. 2011) (emphasis added). At the trial court level, there "are several compelling reasons for addressing the standing of all of the remaining plaintiffs." *Id.* at 1092. When defendants submit a limited dismissal motion facially challenging the allegations in the complaint, "if one group of plaintiffs lack standing, defendants would at least be entitled to

Page 8 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

partial dismissal, even if the other group survives this motion to dismiss." *Id.* at 1092–93. Dismissing certain plaintiffs at an early stage narrows the scope of the case. In contrast, at later stages, such as summary judgment and appeals, dismissing plaintiffs may have no practical effect on the case. *Id.* at 1093; *see, e.g.*, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 981 (9th Cir. 2013) (declining to address whether an association had standing where the individual plaintiff had standing but failed to state a claim that would allow him or anyone else to sell guns without a federal license).

Further, "Article III standing is relevant not only with respect to who may access federal courts initially, but it is also relevant to who may obtain a judgment." *We Are Am.*, 809 F. Supp. 2d at 1092. If the Court were to rule in Plaintiffs' favor, it would need to decide whether each party had standing before determining the precise nature of the relief to award. *Id.*; *see Black Faculty Ass'n of Mesa Coll. v. San Diego Cmty. Coll. Dist.*, 664 F.2d 1153, 1155 (9th Cir. 1981) ("To obtain and sustain a judgment, a plaintiff must establish facts sufficient to confer standing."). Only those parties with standing may enforce an injunction. *See Planned Parenthood of Idaho*, 376 F.3d at 918 n.6 (noting that, on remand, the district court may need to decide whether an organization was "a proper plaintiff" and thus entitled to injunctive relief).

At this juncture, in the trial court, declining to decide whether each party has standing does not serve the interests of judicial economy. It would simply put some plaintiffs "in a state of legal limbo" and potentially delay the resolution of the case. *See We Are Am.*, 809 F. Supp. 2d at 1092–94 (rejecting argument that the court should not consider an organization's standing if the court first determined that individual taxpayers had standing). Accordingly, the Court should not accept Plaintiffs' invitation to sidestep the issue of each party's standing to bring each claim.

Page 9 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## V.    The OBA Does Not Have Standing.

Defendants challenge the standing of Plaintiffs Lewis & Clark Bank, People's Bank of Commerce, and the OBA. Plaintiffs concede that the Complaint does not show that Lewis & Clark Bank and People's Bank of Commerce have standing to bring the third claim for relief. Plaintiffs do not dispute that they failed to allege that Lewis & Clark Bank and People's Bank of Commerce suffered injury from HB 4204's alleged retroactivity. (Response at 18 n.7). Similarly, Plaintiffs concede that the Complaint does not show that OBA has individual standing. They do not dispute that they failed to allege facts showing that OBA directly suffered harm. (Response at 28 n.14).

Given Plaintiffs' concessions, all that remains for the Court to address is whether OBA has associational standing. OBA fails to meet two prongs of the test for associational standing: (1) that the asserted claims are germane to OBA's purpose; and (2) that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977) (articulating the standards for associational standing).

### A.    Plaintiffs Fail to Allege Facts Showing that the Interests OBA Seeks to Protect in This Litigation Are Germane to Its Purpose.

On the germaneness prong for associational standing, Plaintiffs argue that challenging any governmental regulation that injures OBA's members is germane to OBA's mission as an Oregon banking industry trade association. (*See* Response at 19–20 [defining "trade association"]). But simply alleging that OBA is a trade association that seeks to protect its members is not enough to establish that the litigation is germane to OBA's purpose. The Eighth Circuit rejected this sort of argument in *Associated General Contractors of North Dakota v.*

Page 10 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

*Otter Tail Power Co.*, 611 F.2d 684 (8th Cir. 1979).  In that case, a nonprofit trade association of general contractors brought antitrust claims on behalf of its members against companies engaged in building power plants.  The trade association alleged that the companies unlawfully restrained trade by entering an agreement with unions that only unionized employees subject to collective bargaining agreements could perform construction work at the power plants.  *Id.* at 687.

The trade association's "stated goals include[d] the promotion of fair competition, the improvement of labor conditions and the elimination of unfair and unethical practices in the construction industry."  *Id.* at 686.  Through the litigation, the trade association alleged that it sought to protect "the right of each member who is willing to work on the project to do so without having to sign a collective bargaining agreement with a bona fide union and without having to pay wages and fringe benefits equal to minimum standards."  *Id.* at 690–91.  The Eighth Circuit held that the trade association failed to satisfy the germaneness prong of associational standing because there was "no allegation, express or implied, that restraining enforcement of the [agreement] will in any way improve labor conditions, eliminate unfair or unethical practices or promote fair competition."  *Id.* at 691.  Nor did the trade association submit any other materials "that would tend to flesh out the allegations to show that enforcement of the agreement would interfere with the achievement of any of the stated purposes."  *Id.*

OBA's only allegation regarding its purpose is that "[i]ts mission is to be the voice of Oregon banking."  (Compl. ¶ 2).  Like the trade association of general contractors, OBA fails to flesh out how restraining enforcement of HB 4204 will further its mission.  Without allegations connecting the litigation to OBA's purpose, Plaintiffs do not meet their burden of establishing standing.  *See Chapman*, 631 F.3d at 954–55 & n.9 (describing the types of facts a plaintiff must allege to establish standing).

Page 11 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

### B.   The Claims Asserted and the Relief Requested Require OBA's Individual Members to Participate in the Litigation.

Regarding individual participation, all three of Plaintiffs' asserted claims and requests for relief require individualized proof. The preemption claim turns on whether HB 4204 will "impair significantly" the ability of banks and savings associations to exercise the powers granted by Congress. *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 33 (1996). Whether HB 4204 even applies to each institution will also depend on the choice-of-law clause in the lending institution's individual contracts with its borrowers. Additionally, as Plaintiffs point out, the preemption standard will vary depending on the date of the contracts in question. *See McShannock v. JP Morgan Chase Bank NA*, 2020 WL 5639700, at *1 n.3 (9th Cir. Sept. 22, 2020) (stating that different preemption standards apply for mortgages issued before enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act).

The Contracts Clause claim requires proof that HB 4204 operates "as a *substantial* impairment of a contractual relationship." *Lazar v. Kroncke*, 862 F.3d 1186, 1199 (9th Cir. 2017) (emphasis added) (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)). Again, this claim will require analysis of each lending institution's contracts with its borrowers, as well as the impact that HB 4204 has had on those contracts. The case that Plaintiffs cite, *Association of Equipment Manufacturers v. Burgum*, is not to the contrary, as the court ultimately addressed only whether individual farm equipment manufacturers were likely to succeed on the merits of their Contract Clause claim. 932 F.3d 727, 734 (8th Cir. 2019).

Finally, Plaintiffs' claims under the Takings Clause and Due Process Clause both require proof that each lending institution has a protectable property right and that HB 4204 has had an economic impact on that property right. *See Rent Stabilization Ass'n of City of N.Y. v. Dinkins*, 5

Page 12 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

F.3d 591, 597 (2d Cir. 1993) ("The determination in a particular case that a landlord has been arbitrarily deprived of this property interest in a constitutionally adequate return [and thus deprived of due process] will depend on the same individualized economic and financial data on which the takings analysis would depend."). Plaintiffs' argument that the Court may decide, as a pure matter of law, whether HB 4204 may "retroactively eliminate[ ] every property right to which it applies" assumes that such property rights exist and that HB 4204 has this effect. Plaintiffs must present evidentiary proof of these matters before the Court can apply the law to the facts of the case.

Plaintiffs attempt to distinguish cases holding that organizations did not have associational standing, such as *Association of Christian Schools International v. Stearns*, 678 F. Supp. 2d 980, 986 (C.D. Cal. 2008), *aff'd*, 362 F. App'x 640 (9th Cir. 2010), by arguing that they assert a facial challenge to HB 4204, not an as-applied challenge. According to Plaintiffs, "[t]hey seek only generalized declaratory and injunctive relief striking down Subsections 1(3) and 1(9) of HB 4204 in their entirety and barring retroactive application of the statute." (Response at 27–28). However, Plaintiffs repeatedly request that the Court consider their individual contracts and the impact of HB 4204 on particular lending institutions. (*See, e.g.*, Compl. ¶¶ 34–36, 50). And Plaintiffs concede that their Takings Clause and Due Process claims may require them to "amend to assert 'as applied' challenges to the retroactive application of the statute." (Response at 25 n.10). The Complaint and Plaintiffs' briefing show that they do not ask for generalized relief based on pure questions of law. Their asserted claims and requested relief depend on specific facts and require "extensive individual participation" of OBA's members. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1293 (9th Cir. 2014). Accordingly, OBA does not have associational standing.

Page 13 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Conclusion**

Based on the foregoing jurisdictional defects, Defendants respectfully request that the Court dismiss all claims against the State, dismiss the Takings Clause claim against the Attorney General and Director, dismiss all claims concerning subsection (9)'s notice requirement, dismiss all OBA's claims, and dismiss Lewis & Clark Bank's and People's Bank of Commerce's third claim.

DATED this 27th day of October, 2020.

                STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                By: s/Keith Ketterling
                    **Keith Ketterling**, OSB No. 913368
                    Email: kketterling@stollberne.com
                    **Steven C. Berman**, OSB No. 951769
                    Email: sberman@stollberne.com
                    **Megan K. Houlihan**, OSB No. 161273
                    Email: mhoulihan@stollberne.com

                209 SW Oak Street, Suite 500
                Portland, OR 97204
                Telephone: (503) 227-1600
                Facsimile:  (503) 227-6840

                *Special Assistant Attorneys General for the State of Oregon, Ellen Rosenblum, and Andrew Stolfi*

Page 14 - **DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840