**Keith Ketterling,** OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840
Email:         kketterling@stollberne.com
               sberman@stollberne.com
               mhoulihan@stollberne.com

*Special Assistant Attorneys General*
*for the State of Oregon*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| OREGON BANKERS ASSOCIATION, LEWIS & CLARK BANK, BANK OF EASTERN OREGON, AND PEOPLE'S BANK OF COMMERCE,<br><br>          Plaintiffs,<br><br>          v.<br><br>STATE OF OREGON, ELLEN ROSENBLUM, in her official capacity as the Attorney General of the State of Oregon, and ANDREW STOLFI, in his official capacity as the Director of the Oregon Department of Consumer and Business Services,<br><br>          Defendants. | Case No. 6:20-cv-01375-AA<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF *AXOS BANK*** |

**Page 1 -**  **DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF**
   ***AXOS BANK***

## I.      Introduction

After Defendants moved to notify the Court of the recent decision in *Axos Bank v. Ellen F. Rosenblum, Attorney General of the State of Oregon*, Case No. 3:20-CV-01712-HZ, 2020 WL 7344594 (D. Or. Dec. 14, 2020) (hereinafter "*Axos Bank*"), the Court ordered the parties to file supplemental briefing regarding the impact of *Axos Bank* on Plaintiffs' standing and the 11th Amendment immunity issues in the above-captioned case, concerning House Bill 4204.[1]  (ECF 18).  Defendants submit this brief pursuant to the Court's order.

*Axos Bank* has three implications for the present case.  First, the reasoning in *Axos Bank* establishes that Plaintiffs do not have standing—and no justiciable controversy exists—to the extent Plaintiffs challenge HB 4204 based on commercial loans to nonresidential borrowers.  As to those types of loans, Defendant Attorney General Ellen Rosenblum acknowledged, and Judge Marco A. Hernández held, that the only enforcement mechanism is for borrowers to bring suit under the statute's private right of action.  Because only borrowers can enforce HB 4204 as it applies to commercial loans for nonresidential borrowers, Judge Hernández concluded that an order against a government officer such as the Attorney General declaring the statute unconstitutional and enjoining enforcement as to nonresidential borrowers would constitute an impermissible advisory opinion.

Second, and relatedly, *Axos Bank*'s reasoning would establish that the defendant state officers are immune under the 11th Amendment because Plaintiffs fail to allege a credible fear that the state officers will enforce HB 4204 against Plaintiffs or their members.

Third, and finally, *Axos Bank* underscores the pleading deficiencies in Plaintiffs' complaint.  Plaintiffs' standing, the case's justiciability, and the defendant state officers' immunity turn on the precise types of loans that individual banks have made.  Plaintiffs already concede that they must amend their complaint to dismiss Defendant State of Oregon ("State")

---

[1] HB 4204, 80th Leg., 1st Spec. Sess. (Or. 2020) (hereinafter "HB 4204").

**Page 2 -   DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF**
**         *AXOS BANK***

from the case and cure other defects.  At the same time, Plaintiffs should make their allegations more definite and certain regarding the loans they made and how they allegedly suffered harm from HB 4204.  Such amendments will allow the Court fully to assess the threshold standing, justiciability, and immunity issues.

## II.    Argument

### A.    In *Axos Bank*, Judge Hernández Held that the Court Could Not Consider a Commercial Lender's Challenge to HB 4204.

In *Axos Bank*, the plaintiff sued the Attorney General in an as-applied challenge to HB 4204, the same statute at issue in the case before the Court.  The plaintiff argued that the statute unconstitutionally interfered with the plaintiff's ability to foreclose on commercial loans to two Shilo Inn entities, and to collect late fees from the borrowers and guarantors.  Judge Hernández ruled that the plaintiff lacked standing to challenge the statute and that any decision on the merits of the case would be an impermissible advisory opinion.  Judge Hernández reasoned that the statute did not confer any express authority on the Attorney General to enforce HB 4204 against banks seeking to foreclose on large-scale commercial loans.  Rather, the statute was "designed to be enforced through its private right of action," and only the commercial borrowers and guarantors—who were not parties to the case—could enforce the private right.  (*Axos Bank*, Opinion & Order, ECF 23 at 6).[2]  The plaintiff thus could not sustain any direct injury from an action by the Attorney General, as required to establish standing and an actual case or controversy.

Absent any threat of enforcement by the Attorney General, the plaintiff could argue only that the Attorney General had a generalized duty to enforce the law.  However, citing *Ex parte*

---

[2] In the Attorney General's briefing in *Axos Bank*, she noted that although HB 4204 does not provide any independent enforcement authority to the Attorney General, she may have authority to enforce HB 4204 as to consumer residential mortgages under Oregon's Unlawful Trade Practices Act.  (*Axos Bank*, Reply in Support of Motion to Join or Dismiss, ECF 21 at 11 n.2) (noting possible enforcement authority under Oregon Administrative Rule 137-020-0805, which applies only to consumer residential mortgages).

**Page 3 -    DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF** *AXOS BANK*

*Young*, 209 U.S. 123, 157 (1908), Judge Hernández ruled that the 11th Amendment does not allow suit against state officers who lack a more direct connection to enforcement of a challenged statute.  Accordingly, he concluded that the 11th Amendment also independently barred the plaintiff's claims.

> **B.    To the Extent Plaintiffs Challenge HB 4204 Based on Its Effect on Commercial Loans, They Do Not Have Standing and No Justiciable Controversy Exists.**

As Judge Hernández recognized, HB 4204 creates one mechanism for enforcement:  the private right of action.  *See* HB 4204 § 1(8) ("A borrower that suffers an ascertainable loss of money or property because a lender took an action prohibited under subsection (3) of this section may bring an action in a circuit court of this state to recover the borrower's actual damages.").  It is specifically a *private* right of action, provided to *private* parties.  Enforcement of the private right of action belongs with affected individuals and entities, not with government officials. Absent a threat that any defendant could enforce HB 4204 against Plaintiffs or their members, a remedy is unavailable to Plaintiffs in federal court.  *See Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976) ("[A] federal court [can] act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court."); *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980) (holding that the suit presented "no justiciable controversy" because "the attorney general's power to direct and advise does not make the alleged injury fairly traceable to his action").

Plaintiffs do not identify the borrowers to whom they made loans or the types of loans at issue.  If Plaintiffs or their members made only commercial, non-residential loans, or if Plaintiffs seek declaratory and injunctive relief regarding the impact HB 4204 may have on their commercial, nonresidential loans, their case is no different from *Axos Bank*.  They would be unable to allege any actual or imminent injury that is fairly traceable to actions by a defendant.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs' current allegations fail to establish that Plaintiffs have standing such that the Court may adjudicate their claims.

> **C.     Defendant State Officers Are Immune Under the 11th Amendment to the Extent Plaintiffs Fail to Allege a Credible Fear That those Defendants Will Enforce HB 4204 Against Them.**

As in *Axos Bank*, the 11th Amendment also bars Plaintiffs' suit here.  To overcome the 11th Amendment's prohibition on suits against state officers in their official capacity, a plaintiff must allege that the state officer has "some connection with the enforcement of the [allegedly unconstitutional] act."  *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (alteration in original) (citing *Ex parte Young*, 209 U.S. at 157).  Alleging merely "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."  *Id.*  Plaintiffs do not allege any facts showing that they have a credible fear that a defendant will enforce HB 4204 against them.  Nor could they to the extent they have made only commercial, nonresidential loans.  Absent allegations directly connecting a defendant to enforcement of HB 4204 against Plaintiffs, the 11th Amendment provides the defendant state officers immunity for all the reasons explained by Judge Hernández in *Axos Bank*.[3]

Moreover, given that the emergency period specified in HB 4204 has now expired and there is no possibility of ongoing enforcement, Plaintiffs cannot amend their complaint to claim fear of enforcement in any capacity.[4]

---

[3] As discussed in Defendants' Motion to Dismiss, the 11th Amendment also bars all suits against unconsenting states and prevents suit against the State in this case.  (Motion to Dismiss, ECF 13 at 14).

[4] Although this supplemental memorandum is limited to the issues that the Court asked the parties to address, Defendants note that because HB 4204 expired December 31, 2020, this case may be moot in its entirety.  *See* Oregon Division of Financial Regulation, *Mortgages*, https://dfr.oregon.gov/covid19-consumers/Pages/covid19-consumer-mortgages.aspx, last visited January 15, 2020 ("Oregon's foreclosure moratorium put in place by Gov. Brown ended Dec. 31, 2020, when the third special session of the legislature did not pass an extension of the moratorium.  Additionally, Executive Order 20-67, which extended the underlying COVID-19

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

D.    *Axos Bank* **Underscores the Pleading Deficiencies in Plaintiffs' Complaint.**

*Axos Bank* shows that information about the types of loans that Plaintiffs and their members made is critical to determining whether Plaintiffs may bring this case in federal court. To the extent Plaintiffs fear enforcement of HB 4204 only through the private right of action established by the statute, that fear is wholly unrelated to any defendant. Even if Plaintiffs have been injured by borrowers' hypothetical enforcement of the private right of action, the injury could not be traced to any defendant against whom relief is sought. Without more or specific allegations about whether, why, and by whom Plaintiffs fear enforcement of HB 4204, the Court cannot determine if it has subject matter jurisdiction.

Plaintiffs already concede that their complaint is deficient in several respects. They must amend to dismiss the State. (Response to Motion to Dismiss, ECF 14 at 8). They have not alleged facts showing that two of the individual plaintiffs have standing to bring the third claim for relief regarding HB 4204's alleged retroactivity and alleged violation of the Due Process and Takings Clauses. (*Id.* at 18 n.7). They have not alleged facts showing that the Oregon Bankers Association has individual standing. (*Id.* at 28 n.11). Accordingly, when Plaintiffs amend their complaint, they also should be required to add allegations regarding what types of loans are at issue.

III.    **Conclusion**

The reasoning in *Axos Bank* regarding standing and state officers' 11th Amendment immunity applies equally to the present case to the extent Plaintiffs and their members seek relief as to commercial, nonresidential loans. Plaintiffs have failed to make any allegations of a credible threat of enforcement by Defendants as to any commercial, nonresidential loans issued by Plaintiffs. Plaintiffs' complaint fails to establish that Plaintiffs have standing or can

---

state of emergency, did not modify the Dec. 31, 2020, end date of the Executive Order 20-37 foreclosure moratorium."). Defendants are prepared to discuss this issue at oral argument on February 4, 2021.

**Page 6 -    DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF**
        ***AXOS BANK***

overcome the 11th Amendment's prohibition on suits against state officers who do not have direct enforcement authority over the challenged statute.  Moreover, without allegations as to each Plaintiff regarding the types of loans at issue, Plaintiffs' complaint fails to allege facts from which the Court may assess whether this case is properly before it.  To the extent each Plaintiff can allege a credible fear of enforcement as to any commercial, nonresidential loan(s) that Plaintiff has issued, the Plaintiffs should clarify what types of loans they and their members made and how they suffered harm.

DATED this 15th day of January, 2021.

Respectfully submitted,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Keith Ketterling
 **Keith Ketterling**, OSB No. 913368
 **Steven C. Berman**, OSB No. 951769
 **Megan K. Houlihan**, OSB No. 161273

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:   (503) 227-6840
Email: kketterling@stollberne.com
   sberman@stollberne.com
   mhoulihan@stollberne.com

*Special Assistant Attorneys General for the State of Oregon*

**Page 7 -** **DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF**
   *AXOS BANK*

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840