**Keith Ketterling,** OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:   kketterling@stollberne.com
         sberman@stollberne.com
         mhoulihan@stollberne.com

*Special Assistant Attorneys General
for the State of Oregon*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OREGON BANKERS ASSOCIATION, LEWIS & CLARK BANK, BANK OF EASTERN OREGON, AND PEOPLE'S BANK OF COMMERCE,<br><br>        Plaintiffs,<br><br>        v.<br><br>STATE OF OREGON, ELLEN ROSENBLUM, in her official capacity as the Attorney General of the State of Oregon, and ANDREW STOLFI, in his official capacity as the Director of the Oregon Department of Consumer and Business Services,<br><br>        Defendants. | Case No. 6:20-cv-01375-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs' assertion that House Bill 2009 ("HB 2009") "imposes similar restrictions to those challenged in this lawsuit" should be clarified. Although HB 2009 limits mortgage

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

foreclosures and penalties for missed mortgage payments, the bill differs substantively from House Bill 4204 ("HB 4204"). The most significant differences between HB 2009 and HB 4204 are as follows:

| HB 2009 | | HB 4204 | |
|---|---|---|---|
| Applies to only individual borrowers who own five or fewer residential properties | § 1(2)(a) (defining "borrower")<br><br>§ 1(2)(g) (defining "subject property") | Applies to both individual borrowers who own residential properties and commercial borrowers who own retail and other commercial properties | § 1(2)(a) (defining "borrower")<br><br>§ 1(2)(g) (defining "subject property") |
| Allows lenders to request information documenting borrowers' inability to make installment payments due to hardship from COVID-19 | § 1(3)(a), (c) | Does not allow lenders to request information from borrowers and does not require residential borrowers who own property with fewer than five dwelling units to provide documentation of inability to pay | § 1(3)(a), (c) |
| Provides for deferred payments on home equity lines of credit and supplies a method of calculating the repayment amount | § 1(3)(b) | Does not address home equity lines of credit | |
| Allows lenders to request written confirmation that borrowers do not own more than five residential properties and that borrowers cannot make payments because of a loss of income related to the COVID-19 pandemic | § 1(3)(e)(A) | Contains no provision allowing lenders to request written confirmation of borrowers' inability to pay | |

Page 2 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

| HB 2009 | | HB 4204 | |
|---|---|---|---|
| Provides that a lender will not be liable to a borrower for damages under the private right of action if the lender inadvertently makes a clerical error or takes a prohibited action before receiving notice of inability to pay from the borrower | § 1(8)(b) | Provides a private right of action for damages against lenders who violate the statute, with no exceptions | § 1(8) |
| Provides a form of notice for lenders to send borrowers regarding the statute's protections | § 1(9)(a) | Requires lenders to notify borrowers of the statute's protections but provides no form for lenders to use | § 1(9) |
| Allows lenders to provide notice of the statute's protections to only those borrowers who fail to make a payment | § 1(9)(b) | Requires lenders to provide notice of the statute's protections to all the lenders' borrowers | § 1(9) |
| Does not apply to foreclosures that result from a borrower's waste, destruction or illegal use of the subject property or the borrower's failure to prevent another person's waste, destruction or illegal use of the subject property | § 1(10)(a)(D) | Contains no exception for foreclosures resulting from waste, destruction, or illegal use of the subject property | |

**Page 3 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs' Complaint (ECF 1) ("Compl.") challenges only HB 4204 and requests relief only against HB 4204. *See* Compl., ¶¶ 23–37, 40, 42, 48–50, 55–63, and Prayer (requesting declaratory and injunctive relief against HB 4204 § 1(3) and (9)).

Defendants moved to dismiss for lack of jurisdiction. Defendants' arguments were set forth in Defendants FRCP 12(b)(1) Motion to Dismiss (ECF 13), Defendants' Reply in Support of FRCP 12(b)(1) Motion to Dismiss (ECF 15) and Defendants' Supplemental Briefing Regarding the Impact of *Axos Bank* (ECF 19). Mootness was not Defendants' primary argument; rather, in a footnote in Defendants' supplemental brief addressing the *Axos Bank* decision, Defendants notified the Court that Plaintiffs' claims against HB 4204 could become moot, given the statute's pending March 31, 2021 repeal. Plaintiffs' challenge to HB 4204 fails for *all* the reasons set forth in Defendants' briefing and as discussed at the hearing on Defendants' motion to dismiss.

By its own terms, HB 4204's substantive provisions expired on March 30, 2021. *See* HB 4204 § 2 (stating that Section 1 of the Act is repealed 90 days after the expiration of the statutory "emergency period," which ended on December 31, 2020). Moreover, HB 2009—which became law on June 2, 2021—expressly repeals HB 4204. HB 2009 § 2.[1] Accordingly, HB 4204 is no longer in effect. Plaintiffs have not challenged or sought relief from the terms of HB 2009.

---

[1] HB 2009 § 2 refers to "chapter 4, Oregon Laws 2020 (first special session)." That chapter is HB 4204. *See* https://www.oregonlegislature.gov/bills_laws/lawsstatutes/2020S1OrLaws0004.pdf (stating that HB 4204 is Chapter 4 of Oregon Laws 2020 First Special Session).

**Page 4 - DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

DATED this 9th day of June, 2021.

    Respectfully submitted,

    STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

    By: s/ Steven C. Berman
       **Keith Ketterling**, OSB No. 913368
       **Steven C. Berman**, OSB No. 951769
       **Megan K. Houlihan**, OSB No. 161273

    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 227-1600
    Facsimile: (503) 227-6840
    Email:    kketterling@stollberne.com
               sberman@stollberne.com
               mhoulihan@stollberne.com

    *Special Assistant Attorneys General for the State of Oregon*

Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840