**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| OREGON BANKERS ASSOCIATION; LEWIS & CLARK BANK; BANK OF EASTERN OREGON; PEOPLE'S BANK OF COMMERCE, | Civ. No. 6:20-cv-01375-AA **OPINION & ORDER** |
| Plaintiffs, | |
| v. | |
| STATE OF OREGON; ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon; ANDREW STOLFI, in his official capacity as Director of Oregon Department of Consumer and Business Services, | |
| Defendants. | |

AIKEN, District Judge:

In this action, plaintiffs Oregon Bankers Association ("OBA") and three of its member banks, Lewis & Clark Bank ("LCB"), People's Bank of Commerce ("PBC"), and Bank of Eastern Oregon ("BEO") seek a declaration that two provisions of Oregon law, House Bill 4204 ("HB 4204")[1] are unconstitutional. Plaintiffs also seek permanent injunction preventing enforcement of HB 4204 by defendants the State of Oregon, Ellen Rosenblum in her capacity as Attorney General, and Andrew Stolfi in

---

[1]     HB 4204, 80th Leg., 1st Spec. Sess. (Or. 2020).

1.     OPINION AND ORDER

his capacity as Director of the Oregon Department of Consumer and Business Services.

Now before the Court is defendants' Motion to Dismiss (ECF 13).  The Court heard oral argument on February 4, 2021 and received supplemental briefing.  For the reasons set forth below, defendants' Motion to Dismiss (ECF 13) is GRANTED. Plaintiffs shall have thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

Since March 2020, the COVID-19 pandemic has caused death and disruption to daily life for people around the world, including in Oregon.  On June 30, 2020, Oregon Governor Kate Brown signed HB 4204 into law.  HB 4204 created an "emergency period" between March 8, 2020 and September 30, 2020.  Governor Brown subsequently extended the emergency period to December 31, 2020 by executive order, as authorized by HB 4204.  In essence, HB 4204 made it unlawful for a lender to pursue collection actions and foreclosure proceedings against borrowers adversely impacted by COVID-19 during the emergency period.

More specifically, upon proper notice to the lender, HB 4204: (1) authorized a borrower to defer payments owed during the emergency period and pay all amounts deferred on the maturity date of the loan; (2) prohibited a lender from imposing or collecting charges, fees, penalties, or other amounts that, but for the provisions of HB 4204, the lender might have collected from a borrower for failing to make periodic payments during the emergency period; (3) provided a private right of action,

2.    OPINION AND ORDER

allowing borrowers to sue lenders for actual damages caused by any action taken in violation of HB 4204; and (4) required lenders to give their borrowers written notice by mail of the borrowers' rights under the statute.  HB 4204 §§ 1(3)(c)-(d), (8), (9).

HB 4204 was conceived as a temporary measure and provided for its own automatic repeal 90 days after the expiration of the emergency period.  *Id.* at § 2.  HB 4204 was so repealed on April 1, 2021.

On August 13, 2020, before the repeal of HB 4204, plaintiffs filed this action against defendants challenging the constitutionality of HB 4204 subsection 3—which required lenders to provide notice to borrowers of their rights under the bill by August 30, 2020—and subsection 9—which temporarily limited lenders from defaulting on borrowers or imposing penalties for late payments.

In three claims for relief, plaintiffs assert that HB 4204 subsections 3 and 9: (1) violate the Supremacy Clause and are preempted by federal law governing plaintiffs' lending activities; (2) impair plaintiffs' contractual relationships with borrowers in violation of the Contracts Clause; and (3) violate the Takings Clause and plaintiffs' Due Process rights through its retroactive application.  For all claims, plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees and costs.

On September 29, 2020, defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).  In their motion, defendants challenge plaintiffs' standing and argue that plaintiffs' claims concerning the notice provision in subsection 9 are moot.  Defendants also assert that the State of Oregon must be dismissed based on its immunity from suit under the Eleventh Amendment.

3.    OPINION AND ORDER

In response, plaintiffs concede that the State or Oregon should be dismissed but deny defendants' assertions concerning lack of standing and mootness.

## STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Article III of the Constitution "limits the jurisdiction of the federal courts to Cases and Controversies," a plaintiff seeking to invoke federal jurisdiction "must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). If a plaintiff lacks Article III standing, the federal court will lack subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

## DISCUSSION

### I.    *Standing Generally*

When ruling on a motion to dismiss for lack of standing, the Court accepts as true all material allegations of the complaint and construes the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will

4.    OPINION AND ORDER

be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).    A plaintiff must demonstrate standing for each claim. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

## II.  *Injury-In-Fact*

As to "injury in fact," plaintiffs allege that OBA members, including the three members named as plaintiffs in this case, have "originated loans subject to HB 4204." Plaintiffs allege that LCB had at least three borrowers request deferrals under HB 4204 and that it refrained from assessing default interest. Compl. ¶ 3. Further, that "[b]etween March 8, 2020 and June 30, 2020," plaintiff BEO "assessed late fees on loans" to its borrowers who failed to make timely periodic payments. *Id.* at ¶ 4. Finally, plaintiffs allege that since the beginning of the pandemic, plaintiff PBC "modified over a hundred real-estate loans and provided over 1,000 Paycheck Protection program loans." *Id.* at ¶ 5.

Those are the only specific injuries alleged to have been suffered by the named plaintiffs.  The Court does not construe allegations concerning the impact HB 4204 has had generally on "many banks," on "nearly every bank doing business in Oregon," or on "Oregon banks," as injuries to plaintiffs because those unidentified entities are not parties to this case. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (a court "may not attempt to determine the rights of persons not before the court.").

Turning to the named parties, plaintiffs do not adequately plead that BEO suffered injury under any challenged provision of HB 4204.  Plaintiffs' allegation— that during the retroactive emergency period, BEO assessed late fees on loans—fails

to include any allegation that BEO suffered an injury by doing so.  To the extent that plaintiffs intended to allege a risk of future injury on the possibility that HB 4204 is enforced against BEO for violating its provisions, such allegations will not suffice to make out an injury-in-fact.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 556 (1992) (alleging risk of injury "at some indefinite future time" insufficient; injury alleged must be imminent).

Accordingly, plaintiffs do not adequately allege facts to establish standing for BEO.  If plaintiffs decide to amend, they should allege facts showing that BEO has suffered or will suffer a concrete, particularized, imminent injury, along with other elements necessary to satisfy standing under Article III.

### III.    *Injury Traceable to Defendants*

Plaintiffs do not adequately plead that PBC suffered an injury traceable to defendants when it modified loans and offered paycheck protection.  Assuming for the sake of argument that PBC suffered an injury by offering those services, plaintiffs fail to allege a "causal connection" between that injury and any provision of HB 4204 or action of defendants.  *See Lujan* 504 U.S. at 560 (stating that injury must be traceable to the challenged action of the defendant).  Instead, plaintiffs allege that PBC had been modifying loans and offering paycheck protection "since the advent of the Covid-19 pandemic."  Compl. at ¶ 5.  And that OBA members made such loan modifications under "voluntary programs and the federal Coronavirus Aid, Relief, and Economic Security ("CARES") Act"—rather than pursuant to HB 4204.  *Id.* at ¶ 2.  Those allegations fall short of pleading an injury traceable to defendants.

6.    OPINION AND ORDER

By contrast, plaintiffs allege that, under HB 4204, LCB borrowers requested deferrals and that LCB refrained from assessing deferral interest. *Id.* at ¶ 3. At this stage in the proceedings, plaintiffs have adequately alleged an injury with respect to LCB and its lost interest payments.

However, it is not clear from the pleadings that a "causal connection" exists between that injury and the "challenged action of the defendant[s]." *Lujan*, 504 U.S. at 560. In plaintiffs' Response in Opposition to Motion to Dismiss, plaintiffs argue that the Director and Attorney General have "general regulatory enforcement authority over banking laws like HB 4204 and could take action against any lender." Pls.' Resp Opp'n at 10.

In asserting that defendants have general enforcement authority over banking laws *like* HB 4204, and that defendants *could* take action, plaintiffs fail to allege beyond mere speculation any authority defendants might have to enforce HB 4204, a now-repealed law.

Moreover, HB 4204 specifically provides the mechanism for enforcement through its private right of action. HB 4204 § 1(8). According to the text of HB 4204, only a "borrower that suffers an ascertainable loss of money or property because a lender took an action prohibited under subsection (3) of this section may bring an action." *Id*. As such, any danger of sustaining a direct injury from enforcement of HB 4204 could only be caused by "borrowers" who are not parties to this action. *See Axos Bank v. Rosenblum*, No. 3:20-cv-01712-HZ, 2020 WL 7344594, at *3 (D. Or. Dec. 14, 2020), *appeal dismissed*, 2021 WL 6145608 (9th Cir. 2021) (concluding that the

plaintiff lacked standing to bring action against the defendant where HB 4204 provided a private right of action enforceable by borrowers rather than the defendant); *see also S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614 n.1 (9th Cir. 1980) (finding injury stemming from private rights granted by statute "could not have been traced to the action of the attorney general, against whom relief is sought.*");* *Zepeda*, 753 F.2d at 727 (stating that a federal court "may not attempt to determine the rights of persons not before the court."). Accordingly, because plaintiffs' allegations only speculate, but do not adequately plead how defendants will exercise authority to enforce HB 4204, the allegations are "necessarily conjectural." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) (similarly concluding). Accordingly, plaintiffs have not adequately alleged the elements necessary to establish standing for its named plaintiffs.

## IV. *Associational Standing*

An association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right; the interests at stake are germane to the organization's purpose; and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977).

Here, because plaintiffs have not adequately alleged facts demonstrating that OBA's members have standing to sue defendants, OBA cannot sustain associational

standing on its own. *Id*.[2]

In sum, plaintiffs have not adequately alleged facts demonstrating standing to bring this action against defendants. Accordingly, the Court does not consider whether it is likely, as opposed to merely speculative, that plaintiffs' injury will be redressed by a favorable decision on the merits of plaintiffs' claims.

## CONCLUSION

It is within the Court's power to allow plaintiffs to supply, by amendment to the Complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiffs' standing. If, after this opportunity, plaintiffs' standing does not adequately appear from all materials of record, the complaint must be dismissed. *See Warth v. Seldin*, 422 U.S. 490, 501–02 (1975) (so stating). Accordingly, pursuant to Rule 12(b)(1), Defendants' Motion to Dismiss (ECF 13) is GRANTED; Plaintiffs' Complaint (ECF 1) is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this  17th  day of February 2022.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

---

[2]      The Court notes that defendants challenged plaintiffs' standing on grounds other than those the Court considered. However, the issue of standing goes to subject-matter jurisdiction, for which "courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented," even where defendants do not challenge plaintiffs' standing. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Fed. R. Civ. P. 12(h)(3).

9.      OPINION AND ORDER