IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OREGON BANKERS ASSOCIATION; LEWIS & CLARK BANK; BANK OF EASTERN OREGON; PEOPLE'S BANK OF COMMERCE,<br><br>        Plaintiffs,<br><br>     v.<br><br>STATE OF OREGON; ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon; ANDREW STOLFI, in his official capacity as Director of Oregon Department of Consumer and Business Services,<br><br>        Defendants. | Civ. No. 6:20-cv-01375-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge:

In this action, plaintiffs Oregon Bankers Association ("OBA") and three of its member banks, Lewis & Clark Bank ("LCB"), People's Bank of Commerce ("PBC"), and Bank of Eastern Oregon ("BEO") seek a declaration that two provisions of Oregon law, House Bill 4204 ("HB 4204")[1] are unconstitutional. In three claims for relief, plaintiffs assert that HB 4204 subsections 3 and 9: (1) violate the Supremacy Clause and are preempted by federal law governing plaintiffs' lending activities; (2) impair

---

[1] HB 4204, 80th Leg., 1st Spec. Sess. (Or. 2020).

1.  OPINION AND ORDER

plaintiffs' contractual relationships with borrowers in violation of the Contracts Clause; and (3) violate the Takings Clause and plaintiffs' Due Process rights through its retroactive application. Plaintiffs also seek permanent injunction preventing enforcement of HB 4204 by defendants Ellen Rosenblum in her capacity as Attorney General, and Andrew Stolfi in his capacity as Director of the Oregon Department of Consumer and Business Services.[2]

Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). (ECF 13). On February 17, 2022, the Court issued an Opinion and Order granting defendants' Motion to Dismiss and allowing plaintiffs 30 days to file an amended Complaint. *See Oregon Bankers Ass'n v. Oregon*, No. 6:20-CV-01375-AA, 2022 WL 488071 (D. Or. Feb. 17, 2022)

In granting defendant's motion, the Court concluded that plaintiffs lacked Article III standing and did not discuss the merits of plaintiffs' constitutional claims. The Court exercised discretion to allow plaintiffs to supply, "by amendment to the Complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiffs' standing." *Id.* at *5. The Court further stated "If, after this opportunity, plaintiffs' standing does not adequately appear from all materials of record, the Complaint must be dismissed." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 501–02 (1975). Plaintiffs did not file an amended Complaint in the time allowed.

---

[2]   Plaintiffs named the State of Oregon as a defendant but later conceded that the State should be dismissed based on sovereign immunity principles.

2.   OPINION AND ORDER

## CONCLUSION

Accordingly, plaintiffs' standing does not adequately appear from the record, and the Court must dismiss the action pursuant to Rule 12(b)(1). Defendants' Motion to Dismiss (ECF 13) is GRANTED; Plaintiffs' Complaint (ECF 1) is DISMISSED.

It is so ORDERED and DATED this __4th__ day of May 2022.

    /s/Ann Aiken
ANN AIKEN
United States District Judge

3.    OPINION AND ORDER